HORACE H. REDDY AND WHITALL TATUM COMPANY, RESPONDENTS, v. LOUIS BORINSKY AND CHARLES BORINSKY, APPELLANTS.

Argued October 28, 1927—Decided February 6, 1928.

For the appellants, *James D. Carpenter, Jr.*

For the respondents, *Edward A. Markley.*

The opinion of the court was delivered by

CAMPBELL, J.    The respondent Horace H. Reddy has a judgment for damages for personal injuries and the respondent Whitall Tatum Company has a judgment for damages to a motor car owned by it, the damages as to both respondents resulting from a collision between a Dodge car owned by the respondent Whitall Tatum Company and operated by its employe, the respondent Reddy, with a truck loaded with cattle and owned by the appellant Louis Borinsky and driven by his son, the appellant, Charles Borinsky.

The happening complained of took place at Chancellor and Bergen streets, in the city of Newark, about eight A. M. of January 8th, 1926.

The truck was traveling on Chancellor street, down grade, toward Bergen street, and was approaching Reddy on his right.

The grounds for reversal go in two directions.

The first is that there was error in refusing to nonsuit and direct a verdict in favor of the appellants, because the proofs established, as a matter of law, negligence of the respondent Reddy, which contributed to the happening and injuries, in that he should have seen and known the distance of appellants' truck from him, and should have known and calculated that its speed was such that it would cover the intervening distance so as to make collision with Reddy's car certain if both cars continued to proceed.

The evidence was in dispute as to the distance of the truck from Bergen street at the time Reddy reached the intersection of the streets, and likewise as to the speed of the truck and other circumstances and conditions existing at the time and place of the happening.    This situation required the submission of the question of negligence of Reddy, if any, to the

jury and a nonsuit and direction of verdict, as matters of law, were not warranted, and it was not error to refuse them.

The second is that the trial court erred in refusing to charge appellants' second, fourth, fifth and sixth requests to charge.

Some of these requests are faulty, and an examination of the charge satisfies us that the learned trial judge correctly and sufficiently charged all the legal rules and principles contained in such requests. There was, therefore, no error in refusing to charge the requests in the language requested.

The judgments under review are affirmed, with costs.

*For reversal*—None.